## THE STATE v. LUDWIG, *Appellant.*

1. **Indictment for Murder**: CONVICTION OF MANSLAUGHTER: ASSISTING SUICIDE. A prisoner indicted for murder is properly convicted of manslaughter in the first degree if the evidence shows that his offense consisted in assisting the deceased in committing suicide. R. S. 1879, § 1239.

2. **Practice.** It is not error for the court, in the temporary absence of the prosecuting attorney, to examine the jurors on the *voir dire*.

3. ——: EVIDENCE. A judgment will not be reversed for error of the trial court in excluding evidence when the jury has found the fact which the evidence tended to prove.

4. **Assisting Suicide.** Upon the trial of an indictment under the statute which declares every person "deliberately assisting" an-

other in the commission of self-murder, guilty of manslaughter in the first degree, it is no error to instruct that the defendant is guilty if he was "deliberately present, assisting" the deceased.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*J. E. Wiley, J. A. Moore, Milton Moore* and *Wm. Warner for appellant.*

1. The court erred in conducting the examination on the *voir dire*. The judge should never act as attorney for the State. *State v. Davis*, 66 Mo. 684; Archb. Crim. Prac. & Plead., (8 Ed.) 540, note a. 2. The testimony of witness Overbeck should not have been excluded. 3. The conviction of manslaughter upon an indictment for murder was erroneous. The indictment should inform the defendant of the nature and cause of the accusation against him. Const. Mo., art. 2, § 22. The correct practice is to set forth the offense according to its nature and circumstances. *State v. Jones*, 20 Mo. 58; *Bower v. State*, 5 Mo. 364; *State v. Shock*, 68 Mo. 552; *State v. Worrell*, 25 Mo. 205. The conviction being for an offense of a totally dissimilar nature from that charged, cannot stand. *Watson v. State*, 5 Mo. 497; *Plummer v. State*, 6 Mo. 231; *State v. Shoemaker*, 7 Mo. 177; *State v. Jenkins*, 36 Mo. 372; *State v. Hays*, 36 Mo. 80; *State v. Farrar*, 38 Mo. 457; *State v. Arter*, 65 Mo. 653; *State v. Alexander*, 56 Mo. 131. 4. The third instruction is wrong. The statute, (Wag. Stat., 446, § 8,) makes "deliberately assisting another in the commission of self-murder" the gist of the offense, while this instruction renders the party guilty, if deliberately present and assisting. Under the statute the "assisting" must be deliberate; under the instruction it makes no difference as to the manner of the assisting, providing the presence is deliberate.

*J. L. Smith,* Attorney-General, for the State.

1. It is the duty of the court to see that impartial jurors are obtained. *Stoner v. State,* 4 Mo. 368; *Rice v. State,* 16 Ind. 298. The object of examination on the *voir dire* is to obtain such jurors. *State v. Martin,* 28 Mo. 530. It cannot prejudice the defendant if the judge puts the necessary questions. If any body has a right to object it is the State, because the prosecuting attorney was not present. *State v. West,* 69 Mo. 401. 2. On an indictment for murder, the jury may find the defendant guilty of manslaughter. *Watson v. State,* 5 Mo. 497; *Plummer v. State,* 6 Mo. 231; *State v. Lane,* 64 Mo. 319. At common law it was murder to assist in committing suicide. *Regina v. Alison,* 8 C. & P. 418; *Commonwealth v. Bowen,* 13 Mass. 356. If this crime were not made manslaughter by the statute, it would be murder in the first or second degree, as shown by the evidence. And it can hardly be insisted that a conviction could not be had for that crime on an indictment charging a deliberate and premeditated killing. It would not be deemed necessary to aver that defendant deliberately aided and abetted the commission of a murder. A charge that he was the principal actor would be supported by proof that he was an aider and abetter. *State v. Phillips,* 24 Mo. 475; *State v. Davis,* 29 Mo. 391; *State v. Hollenscheit,* 61 Mo. 302. Nor would it be necessary to allege the killing in any but the usual form. *State v. Green,* 66 Mo. 631. 3. The objection to the third instruction is hypercritical. How is it possible for a man to be deliberately present, engaged in the performance of certain acts, without also deliberately doing that which he actually does? In other words, how can a man be said to be deliberately present, assisting in the doing of an act, and his act be otherwise than of the same character as his presence?

HENRY, J.—In the circuit court of Jackson county, an indictment was preferred against defendant for the murder

**1. INDICTMENT FOR MURDER: conviction of manslaughter: assisting suicide.** of his wife, Lizzie Ludwig, and charged that defendant, with a hempen rope which he tied around her neck and throat, choaked and strangled her to death. The evidence for the State tended to prove that defendant was guilty as charged, but was of such a character as also to warrant the jury in finding that the deceased hanged herself, and that defendant was present and aided and assisted her in the act of self-murder. Evidence for defendant tended to exonerate him. His counsel contend that he could not, under the indictment, which was for murder of the first degree, be convicted of manslaughter of the first degree, of which the jury found him guilty. By section 1239, Revised Statutes 1879, page 219, every person who deliberately assists another in the commission of self-murder, is declared guilty of manslaughter in the first degree; and it has so long been held, in this State, that under an indictment for murder, the defendant may be convicted of manslaughter, that it must be regarded as finally settled. *Watson v. State*, 5 Mo. 497; *Plummer v. State*, 6 Mo. 231; *State v. Lane*, 64 Mo. 319 In this indictment the defendant was charged with having murdered his wife by hanging her. The jury found that he did not hang her, but only assisted her to hang herself. If in any case, one indicted for murder may be convicted of manslaughter, this strikes us as peculiarly one in which it would be proper. Defendant only escaped a conviction for hanging his wife, by showing that he only assisted her in hanging herself.

The court, in the momentary absence of the prosecuting attorney, examined some of the panel on the *voir dire*, **2. PRACTICE.** touching their competency as jurors, and this is alleged as error. Such examinations are made for the information of the court to enable it to pass upon the competency of persons selected as jurors, and whether the proper questions are asked by the court, the prosecuting attorney or counsel for defendant is of no consequence.

Emily Overbeck, a witness for the defense, was asked

" if she had not heard Mrs. Ludwig threaten to hang her-

3. ——: evidence. self?" The court sustained an objection to the evidence, and of this defendant complains. If admitted, it would have tended to prove no more than that she hanged herself, and this the jury found without the evidence of Mrs. Overbeck. If defendant had been found guilty of murder, the exclusion of that evidence would have been an error fatal to the judgment, but as the jury fo the facts which the evidence excluded tended to prove, and as this evidence would not in the least have conduced to show that defendant did not assist his wife to commit self-murder, its exclusion could not possibly have prejudiced him.

The objection to the third instruction for the State presents a grammatical rather than a legal question. The

4. ASSISTING SUI-
CIDE. instruction is as follows : " The court further instructs the jury that if they believe from the evidence that the deceased, Lizzie Ludwig, came to her death by suicide or self-murder, and that the defendant, Jacob Ludwig, was deliberately present aiding and abetting, counseling, advising and assisting in the commission of self-murder, they will find the defendant guilty of manslaughter in the first degree, and assess his punishment at imprisonment in the penitentiary for a term not less than five years." The statute declares that if one deliberately assist another in the commission of self-murder, &c., while the instruction declares that one is guilty " if deliberately present and assisting." The word " deliberately " qualifies both the words " present " and " assisting," as much so as if, after the words " present and," it had been repeated. All concurring, the judgment is affirmed.