THE STATE v. HRONEK, *Plaintiff in Error.*

**Practice**: BILL OF EXCEPTIONS, SIGNING OF BY BYSTANDERS. The defendant, having been convicted of murder in the first degree, presented his bill of exceptions to the trial judge, which he refused to sign, on the ground that it was not true, and gave the defendant's counsel time to file a proper bill. The latter, however, had the rejected bill signed by three bystanders and filed with the clerk, with four affidavits as to its correctness, as provided by Revised Statutes, sections 3638, 3641. One of the affiants stated that he did not hear all the evidence, but that his own testimony was correctly reported. The other three affiants were on the panel of jurors. One of them stated that, according to his best recollections, the evidence and proceedings were in the main correctly stated, as he remembered them. The other two affiants stated the bill was correct and true according to their best recollections at the time. The state, as authorized by Revised Statutes, section 3640, filed the affidavits of four lawyers, residents of the county, to the effect that they were present during the trial, that they heard all the evidence, objections, and rulings of the court; that they had carefully examined the bill prepared by defendant's counsel, and that it was not true; *held*, that there was a clear preponderance of the evidence against the bill, and it could not be considered by the Supreme Court as part of the record.

*Error to Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

AFFIRMED.

*F. S. Winn* and *W. B. Sanford* for plaintiff in error.

*B. G. Boone*, Attorney General, for the state.

(1) The statute as to the settling, signing, and sealing of bills of exception in civil cases (R. S., secs. 3635, 3643) is also applicable to criminal cases. R. S., sec. 1921. (2) Where a trial judge refuses to sign a bill of exceptions

and certifies thereon that it is untrue, and such bill is signed by bystanders, and the trial judge still certifies that it is untrue, and affidavits in support of, and against, the truth of the bill are filed, it is the duty of the appellate court to determine as to the truth of such bill by the affidavits filed. R. S., secs. 3642, 3643; *Brown v. Lazalere*, 44 Mo. 383; *Downing v. Shacklette*, 49 Mo. 86.; *State ex rel. v. Wickam*, 65 Mo. 637; *State v. Stephens*, 71 Mo. 535. (3) It is submitted that the papers on file, purporting to contain the record proper and bill of exceptions, show, upon inspection, that they do not comprise a true, full, and fair transcript of the proceedings during the trial of this case. If this court so finds, then the case is not properly here and cannot be reviewed. *State v. Clements*, 14 Pac. Rep. 410; see also *Lyon v. Davis*, 12 N. E. Rep. 714; *Wiggins v. State*, 1 Southern Rep. 693.

NORTON, C. J.—At the March term, 1887, of the Buchanan county criminal court, the defendant was indicted for murder in the first degree for killing his wife by shooting her with a pistol. He was put upon his trial at the June term, 1887, of said court, and was found guilty as charged, and sentenced to be hanged. From the judgment of that court, he has prosecuted a writ of error to this court.

The first question presented by the record is as to whether there is any bill of exceptions in the case.

The bill of exceptions is not signed by the trial judge, and when presented to him for his signature on the eighth of July, 1887, he refused to sign it, as shown by his certificate attached to the transcript, for the following reasons: "Because it does not correctly state the evidence as given before the court of a single witness who testified upon the trial; that said bill of exceptions is not full and does not enable the reader of it to form any correct idea of the case as presented by the evidence.

Because the official stenographer of this court took down all the evidence in shorthand that was given during the trial, and has been ready to furnish a copy of the same to defendant's counsel when demanded, and is still ready to do so, as he informed the court, and the court requires of the defendant's counsel a correct statement of the evidence and rulings of the court during the trial, or the substance of it, before the court will sign a bill of exceptions in this case, and now give the defendant's counsel until the fifteenth inst. to prepare a proper and correct bill of exceptions, and has adjourned till that time to enable them to do so."

The defendant's counsel did not pursue the course indicated, but prepared the bill now on file and had the same signed by three bystanders, and on the nineteenth of July presented the same to the judge for his signature, and he refused to sign it as certified to by him because it was not true. On the twenty-second and twenty-third of July defendant filed with the clerk four affidavits, in support of the correctness of the bill as signed by the bystanders. The first of them is signed by one Dr. Porter, who states that he was not present during the greater portion of the trial, and did not hear the evidence, but that his evidence is correctly reported. The other three affidavits are made by persons who were on the trial panel of jurors. One of them states that, according to his best knowledge and recollection, the evidence and rulings of the court and other proceedings are in the main correctly stated as he then remembered them. The other two stated the bill was true and correct according to their best recollection at that time.

As is authorized by Revised Statutes, section 3640, the state thereupon filed an affidavit of four lawyers, residents of Buchanan county, with the clerk, to the effect that they were present during the trial of the cause; that they heard all the evidence, objections, and

rulings of the court, and all other matters and things that took place during the progress of the trial, and that they have carefully examined the bill of exceptions presented by the defendant to the court for its signature, and which signature was refused because said bill was untrue, and that said bill was then signed by certain bystanders; that said bill is not true: "First. Because it fails to set out all the evidence or the substance of the evidence as given at the trial. Second. That the evidence set out is false, garbled, misleading, and disconnected. Third. That not more than one-half of the evidence given at the trial is set out. Fourth. That each and all of the objections made to evidence, as appears in said bill of exceptions, is false and untrue except the state's objections to evidence as to drunkenness, which the court overruled and permitted all evidence on that point to go to the jury as offered by defendant. Fifth. That the hypothetical questions purporting to have been asked experts are not stated as they were asked. Sixth. That the bill as filed is false in presenting evidence that never was offered at the trial. Seventh. That so numerous are the errors in the bill on file that they can only be fully set forth by comparing it with the stenographer's notes. Eighth. That the defendant seemed to understand English sufficiently to answer all questions propounded to him intelligently. Ninth. That the bill, as filed, does not fairly present the circumstances under which the court interrupted counsel for defence in his opening statement. Tenth. That the criminal court in which this case was tried has an official stenographer, who was present during this trial, and seemed to be taking notes of the proceedings throughout. Eleventh. That they know no reason why defendant cannot procure said stenographer's notes and present the full proceeding before the Supreme Court as it was presented before the trial court and jury. Twelfth. That the bill, as filed, presents a different theory of the case from that

The State v. Hronek.

on which it was tried. Thirteenth. That not more than half of the evidence adduced at the trial is preserved in the bill of exceptions, and the portion preserved is garbled, incorrect, and does not present the case as it went to the jury. Fourteenth. That the testimony of all the witnesses was that the defendant was sane, except Dr. Potter, who said in reply to the hypothetical question, that defendant was either drunk or insane; he did not know which. Fifteenth. That the defence interposed was insanity. Sixteenth. That the bill filed does not correctly present the cross-examination of witnesses or show any cross-examination. Seventeenth. That the opening statement made by defendant's counsel is not fairly and correctly set forth in the bill filed. Eighteenth. That the defendant stated on the witness-stand that he killed his wife while mad and drunk. Nineteenth. That the question purporting to have been asked a Dr. Busey is not true. Twentieth. The court permitted evidence of defendant's jealousy and drinking to excess to be introduced, and did not make remarks attributed to it by the bill of exceptions."

The statutory provisions relating to the question under consideration are as follows:

"Section 3637. If the judge refuse to sign a bill on the ground that it is untrue he shall certify under his hand the cause of such refusal.

"Section 3638. If the judge refuse to sign any bill of exceptions such bill may be signed by three bystanders who are respectable inhabitants of the state, and the court shall permit every such bill, if the same be true, to be filed in court.

"Section 3640. When the judge shall refuse to permit any bill of exceptions signed by the bystanders to be filed, and shall have certified that it is untrue, either party in the suit may take affidavits not exceeding five in number in relation to its truth.

"Section 3641. Such affidavits shall be taken and

deposited in the clerk's office within five days after the trial of the cause, and on appeal or writ of error copies of such affidavits shall be annexed to, and form a part of, the record of the cause.

"Section 3642. Every court to which an appeal or writ of error shall be taken shall admit, as part of the record of the cause, every bill of exceptions taken therein, upon its appearing satisfactorily to such court, that the truth of the case is fairly stated in such bill, that the same was taken according to law, and that the court refused to permit such bill to be filed.

"Section 3643. The truth of every such bill shall be tried by the affidavits required by this article to be taken, and filed in the clerk's office."

Trying the truth of the bill by the test which the statute provides there is a clear preponderance against its correctness. Of the affidavits in support of the bill, one of them states that it is in the *main* correct, that is, that it is not wholly but only partly correct. Two other affidavits state that the bill is true and correct according to their best recollection at the time made. On the other hand, the affidavits of four attorneys, who heard all the evidence, objections, exceptions, and all other proceedings of the trial, state positively and unequivocally that the bill is not true, that it presents a different theory of the case from that on which it was tried, and specifies a large number of distinct grounds wherein the bill is incorrect and untrue. One of the affidavits in support of the bill in effect states it to be correct only in part; two other of the affidavits as to its truth are general and lacking in positiveness. On the other hand, the affidavits of four other persons are positive and unequivocal that the bill is untrue and incorrect, and point out with particularity wherein it is untrue. So that as the matter presents itself there are but two affidavits in support of the bill and five hearing witnesses that it is untrue, and casting out of view the certificate

of the judge who tried the case as to its untruthfulness, we hold that the bill as presented cannot and ought not to be considered, as by considering it we would be passing upon a case which the bill makes different from that passed upon by the criminal court.

It seems that the trial court afforded to defendant's counsel every facility in its power to procure from the official stenographic reporter a correct version of the evidence, objections, and exceptions, of which it seems they did not avail themselves.

In this view of the subject there is nothing before us for consideration but the record proper, and finding no error in it, the judgment is affirmed. All concur except Ray, J., absent.