STATE OF MISSOURI, Respondent, v. FRED MUNCH, Appellant.

### St. Louis Court of Appeals, March 20, 1894.

1. **Local Option:** JUDICIAL COGNIZANCE OF A LAW. Judicial cognizance will be taken of the fact that there is but one local option law in this state which provides for the prohibition of the sale of spirituous liquors.

2. ———: RELEVANCY OF EVIDENCE. In a prosecution under that law for alleged sales of such liquors, evidence is relevant that the defendant made application under the federal revenue laws for a license to act as a retail liquor dealer for a period covering the times of such sales.

3. ———: EXAMINATION OF JURORS ON VOIR DIRE. *Held*, in the course of discussion, that in such a prosecution a defendant is entitled to reasonable facilities to ascertain not only whether the jurors summoned to try the cause have formed or expressed an opinion touching its merits, but also what their views are concerning the immorality of the traffic in spirituous liquors.

4. ———: ———. But the defendant is not entitled to examine each juror separately in regard to the formation or expression of such opinion, when the court has already put the inquiry to the panel as a whole.

5. ———: IMPEACHMENT OF BILL OF EXCEPTIONS. Alterations made in a bill of exceptions by the trial judge before signature, though they be not in accord with the notes of the proceedings taken by the stenographic reporter, are conclusive upon the parties; if these alterations are not warranted by the facts, the only remedy is that prescribed by the statute (Revised Statutes, sections 2170, 2173 and 2174).

*Appeal from the Shelby Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*C. M. King* and *W. O. L. Jewett* for appellant.

*V. L. Drain*, Prosecuting Attorney, for respondent.

ROMBAUER, P. J.—This is a prosecution under section 4606, chapter 56, of the Revised Statutes of 1889, commonly known as the local option law. The defendant was charged with having violated the provisions of the law at four different times, to wit: August 30, 1891, October 20, 1891; November 2, 1891, and December 1, 1891. He was found guilty of all these offenses, except the one alleged to have taken place on October 20, 1891, and was fined $500 on each of three counts. He appeals, and assigns for error the refusal of the court to quash the indictment, the admission of illegal testimony against him, the insufficiency of the evidence to warrant his conviction, and the curtailment of his rights to fully examine the jurors on *voir dire*.

The motion to quash the indictment was properly overruled. Each count of the indictment recites with unnecessary particularity the various steps taken

toward the adoption of the law and its final adoption in Shelby county on November 5, 1887, and the subsequent publication of its adoption as required by statute. It would have been sufficient for the indictment to charge in general terms that the law (referring to it) had been adopted in Shelby county, and was in force at a certain date. *State v. Searcy*, 39 Mo. App. 393; *State v. Hutton*, 39 Mo. App. 410. Defendant concedes this, but claims that, while the indictment does recite a number of unnecessary particulars, it is deficient in making this necessary averment by not mentioning which local option law was adopted. The indictment recites that the question submitted to the voters was "whether the local option law should take effect and operate in the county of Shelby, and to determine whether or not spirituous and intoxicating liquors, including beer and wine, should be sold in said county." We take judicial notice of the fact that there is but *one* local option law that provides for the prohibition of the sale of spirituous liquors. This assignment, therefore, must be overruled.

The assignment of error touching illegal admission of evidence refers to the admission of the testimony of witness Haywood, a United States deputy collector, to the effect that the defendant made application to him for license as a retail liquor dealer in May, 1891. Objection was made to this evidence, but the court admitted it, stating that it might be a circumstance bearing upon the case. We think this ruling was strictly correct. The state followed up this testimony by asking whether the license was granted to the defendant, but was interrupted by counsel for the defense. As it is conceded that these licenses are granted for one year, and as a license granted in May, 1891, would cover the entire period during which these

sales are charged to have been made, the evidence was clearly relevant to the issues.

The evidence touching the sales made by defendant were purely circumstantial. That liquor was sold on his premises at the dates charged in the indictment appeared by unquestioned evidence. The defendant's contention was that, if sold, it was sold by his lessees and not by himself, and that he had no personal concern with such sales. A careful examination of the record, however, satisfies us that there is substantial evidence from which the jury might infer that the defendant was personally interested in these sales, and caused them to be made. The question of reasonable doubt is one for the jury, and not for us.

The serious question in this case is whether the court erred in depriving the defendant of such an examination of the jurors on *voir dire* as the law entitled him to. In passing upon this question we are bound to take into consideration that the question of sale of intoxicating liquors is one on which violent opinions are apt to be entertained by members of the community on either side of the question. Citizens, otherwise irreproachable, may and do often hold that such a sale is morally wrong, whether prohibited by law or not, while others are inclined to a diametrically opposite view. It is therefore one of those questions, wherein a defendant charged with a violation of the law should be entitled to reasonable facilities to ascertain not only whether the jurors summoned to try the case had formed and expressed an opinion touching the merits of the case before them, but also what views they took of the immorality of the traffic.

As to what passed upon the examination of the jurors on *voir dire*, the record makes the following recital:

"The court asked the jurymen *all* questions touch-

ing their qualifications to sit as jurors in the case coming on for trial. Some were excused on answer, after which Mr. Jewett (counsel for defendant) said: May it please the court, I would like to ask each of them personally if they have formed or expressed an opinion in regard to the merits of this case? *By the court:* I can not have that. I can not spend so much time in examining them *individually*. If you have any *particular* questions to ask them, you may do so. *By Mr. King* (counsel for defense): It has been our practice to have four jurymen called up and examine four at a time. *By the court:* If you have any questions to ask in a general way, you may ask them, *or of any juror*. *By Mr. Jewett:* We desire to save an exception to this method of conducting the examination." (The italics are ours.)

The original transcript of the reporter's notes of what transpired at the trial did not contain the words, "all," "individually," "particular," "or any juror," which are italicised above. In place of the word "all" it contained the word "general," and in place of the word "general" where it first occurs, the word "particular." It is conceded that these alterations were made by the trial judge before he signed the bill of exceptions. The appellant now contends that the record should be read by us, as if these alterations were not made. In that view we can not concur. The bill of exceptions does not become part of the record until after it is signed by the judge, and if the judge makes interlineations in it which are not warranted by the facts, the party complaining has his remedy under the statute. R. S. 1889, secs. 2170, 2173, 2174; *Norton v. Dorsey*, 65 Mo. 376; *State v. Hronek*, 95 Mo. 79; *Klotz v. Perteet*, 101 Mo. 213. The fact, that such a remedy may not be adequate in all cases, does not authorize us to supply a legislative omission by judicial construction.

We are not authorized to indulge in any presumption opposed to the recitals of the record, even in cases where such presumption is seemingly aided by the reporter's notes. The statute does not make the stenographer's notes conclusive, and the judge is bound by his official oath no less than the stenographer. Cases may arise where the stenographer misconceives what the judge has said, and to hold that the court is concluded by his notes would be establishing a very dangerous precedent.

We have gone thus fully into this subject, because we wish to have it clearly understood that, while on the one hand we deem the rights of a party sacred to have the impartiality of the tribunal determined which the law provides for his trial (*State v. Mann*, 83 Mo. 589), we deem it on the other hand no less important that the integrity of records should not be challenged otherwise than in the manner provided by law.

It will be seen by taking either reading of the record that there seems to have been some misunderstanding between the court and counsel for defendant upon the trial. All that counsel first requested was the right to examine each juror personally in regard to whether *he had formed or expressed an opinion concerning the merits of the case.* It is this right which the court denied, and we think properly so, since the court had already asked that question of the entire panel and had excused some of the jurors. There is no reason why this general question should not be put generally to the whole panel by the court. *State v. Ludwig*, 70 Mo. 412; *Loeffler v. Packet Co.*, 7 Mo. App. 185. It nowhere appears by either reading of the record that counsel desired to examine jurors separately as to any facts tending to create a bias in their minds. On the contrary, the next request made by counsel is that four jurors be called up at a time for examination,

and, as soon as that request is denied, counsel at once save an exception to this *method of examination*, and that is the only exception saved. We can not gather from this that the court at any time denied a right to counsel to put any question to any individual juror, which counsel had a right to ask on *voir dire*. It will not be contended that the court erred by causing the entire panel to be placed in the box for individual examination, instead of having them called in squads of four; because it is clearly within the discretion of the court how many jurors should be placed in the box for examination at one time. We must, therefore, overrule this assignment of error likewise.

All the judges concurring, the judgment is affirmed.