STATE OF MISSOURI, Defendant in Error, v. FRANK STARCHICH, Plaintiff in Error.

**Springfield Court of Appeals, November 5, 1914.**

1. **CRIMINAL LAW: Application for Continuance: Defects.** An application for continuance on account of the absence of a witness, which fails to state that the things therein alleged to which the witness would testify are true, is fatally defective. (Sec. 5204, R. S. 1909.)

2. **EVIDENCE: Secondary Evidence: Local Option Law.** Defendant was prosecuted for violation of the Local Option Law. Notice was given him to produce the original federal liquor license which he had in his place of business. Upon his failure to do so a certified copy of the original was admissible.

3. **INTOXICATING LIQUORS: Local Option Law: Violation: Evidence.** Defendant was charged with selling intoxicants in violation of the Local Option Law. A Federal liquor license procured by him, which covered the wholesale and retail business, was properly admitted in evidence and the fact that the accused had procured same raised an inference that he intended to sell in violation of law.

4. ———: Violation of Local Option Law: Evidence. Defendant was prosecuted for violation of the Local Option Law. There

was no error in permitting a witness to testify that after the information was filed he saw a Federal liquor license certificate posted in the place of business of the accused, it being disclosed that the date thereof covered the date of the alleged offense.

Error to Barton Circuit Court.—*Hon. Arch. A. Johnson,* Special Judge.

AFFIRMED.

*R. M. Sheppard,* for plaintiff in error.

(1) Under the statutes of this State and authorities construing the same, the defendant should have been granted a continuance. Sec. 6204, R. S. 1909. (2) The State having elected by its information and the evidence to stand upon the sale or violation of the law upon a specific day should not have been permitted to have introduced any evidence or any act of the defendant after that day. After the State, by its information and by its evidence sought to establish the sale upon a certain day that it should not have been permitted to introduce evidence which would have tended to establish a sale on a day prior to the alleged sale as established by the information and evidence.

*E. L. Kazee,* prosecuting attorney, and *E. L. Moore,* for defendant in error.

(1) The cases all hold that the granting or refusal of a continuance rests in the sound discretion of the trial court. State v. Fox, 79 Mo. 109; State v. Banks, 118 Mo. 117; State v. Commings, 189 Mo. 626; State v. Sublett, 191 Mo. 163. (2) The courts of this State have held that it is competent to show that defendant had a government retail liquor dealers' license hanging on the wall of his place and at the time of the finding the license, whiskey was also found in the

place. State v. Sexton, 141 Mo. App. 694. (3) There is no question but what the State had a right to show that the plaintiff in error had in his possession issued to himself what is generally called a government whole-sale and retail liquor dealers' license. The proof of the license is permissible as a circumstance tending to show that the defendant is engaged in the liquor busi-ness. State v. Sexton, 141 Mo. App. 694; State v. Munch, 57 Mo. App. 207.

ROBERTSON, P. J.—Plaintiff in error was con-victed of selling intoxicating liquor in violation of what is known as the Local Option Law and has ap-pealed.

He complains of the overruling of his motion for a continuance; of the court permitting a witness to testify that he saw in the plaintiff in error's place of business, after the information was filed, a certificate from the office of the collector of internal revenue, generally called Government License, and of the court permitting the State to introduce in evidence the certi-fied copy thereof.

The court committed no error in overruling the motion for continuance. It alleged the inability of the plaintiff in error to procure the attendance of two of his witnesses at the trial. The affidavit thereto did not meet the requirements of section 5204, Revised Statutes 1909, in that it did not state that he believed that what he therein alleged the witnesses would tes-tify to was true. This was a fatal omission. [State v. Richardson, 194 Mo. 326, 336, 92 S. W. 649.] Other reasons are apparent for sustaining the court's ac-tion but it is unnecessary to discuss them since the above point sufficiently justifies the court's disposi-tion of the motion.

There was no error in admitting in evidence, the certified copy of the so-called government license, no-tice having been given to produce the original, as it

covered a period of time including the date of sale and designated the place of business of plaintiff in error where the sale charged in the information was made. It covered the wholesale and retail business and a jury might reasonably conclude therefrom that the accused did not adopt this method of making a donation to the Government, but that he, in view of other facts disclosed at the trial, paid this tax for the mercenary purpose of engaging in the sale of intoxicants in violation of the State Laws, and did not desire to subject himself to prosecution under the Federal Laws. [State v. Sexton, 141 Mo. App. 694, 125 S. W. and State v. Munch, 57 Mo. App. 207.] Neither did the trial court commit any error in permitting a witness to testify that he, after the information was filed, saw the certificate posted in the place of business of plaintiff in error, since it is disclosed that its date covers the date of the alleged offense. It shows that it was issued and outstanding during the time of the alleged offence and this fact is what gives it the probative effect. We fail to discover any reversible error and therefore affirm the judgment.

*Farrington* and *Sturgis, JJ.,* concur.