In the matter of JESSE H. ASHCRAFT, ex parte.

Kansas City Court of Appeals, May 22, 1916.

MANDAMUS, WRIT OF: Dramshops: License. One Ashcraft obtained a license from the county court on July 4, 1915, to conduct a dramshop in Lee's Summit, Mo., but the application for a license to the city board was denied. He then applied to the city clerk for a license and tendered the money to open a "beer depot or storeroom." This was also denied. An alternative writ was issued and on final hearing a peremptory writ was ordered. Defendant appealed. *Held*, that a writ of mandamus is a discretionary writ and should not be granted where it will not promote substantial justice and the burden is on the petitioner to show that he has a clear legal right to the belief prayed but where it appears as clearly as it does here, that the writ is sought for the mere purposes of aiding the petitioner to violate the law, it should be denied.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

REVERSED.

*Casey & Wright* for respondent.

*Wm. H. Carr* and *T. B. Wallace* for appellant.

JOHNSON, J.—This is a mandamus suit. Ashcraft, the petitioner, on July 4, 1915, procured a license from the county court of Jackson county to conduct a dramshop in Lee's Summit, a city of the fourth class, having less than 2500 inhabitants, and made application to the board of aldermen for a city license. The application was denied and he then applied to the city clerk for a license to open a "beer depot or storeroom" in the city and tendered $25.50, being $25 for the license and fifty cents for the clerk's fee for issuing it. The clerk, under instructions from the board of alderman, refused the application and Ashcraft brought this suit to compel him to issue such license. An alternative writ was issued and on final hearing the court adjudged plaintiff entitled to a peremptory writ. Defendant appealed.

Sometime before Ashcraft obtained a license from the county court, prohibition, under the Local Option Law, had been adopted in Jackson county outside of Kansas City and Independence, and was in force in Lee's Summit. The circuit court of Jackson county had held the local option election void but the case was pending in the Supreme Court on appeal, and afterwards the judgment of the circuit court was reversed. [See Bine v. Jackson County, 181 S. W. 36.]

The license issued to Ashcraft by the county court was void and the board of aldermen of Lee's Summit were justified in refusing him a license either for a dramshop or for a beer depot or storeroom. The stat-

utes relating to cities of the fourth class (sec. 9399, R. S. 1909) confer authority upon the mayor and aldermen to regulate and license "beer depots or storerooms" and the ordinances of Lee's Summit enacted before the local option election provided a license fee of $25 per annum for such licenses and made it the duty of the city clerk "to issue all licenses provided under this ordinance for which he shall receive a fee of fifty cents on each valid license" but this statute and ordinances thereunder were not intended to confer any authority upon municipal governments to violate or aid in the violation of the Local Option Laws and if the mayor and board of aldermen came to the very reasonable conclusion that this holder of a dramshop license issued by the county court in violation of law was seeking a city license for a beer depot merely to enable him to conduct a dramshop in local option territory under the guise of a beer depot, they had a right and it was their duty to refuse the license. The statutes provide (sec. 7227, R. S. 1909) that "no person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever."

The fact that Ashcraft armed himself with a license from the county court to sell liquor in a local option community was evidence of a most persuasive character that he intended to violate this statute. [State v. Starchich, 184 Mo. 485; State v. Sexton, 141 Mo. App. 694; State v. Munch, 57 Mo. App. 207.]

Mandamus being a discretionary writ, should not be granted where it will not promote substantial justice and the burden is on the petitioner to show that he has a clear legal right to the relief. [State ex rel. v. Lesueur, 136 Mo. 452; Thomas v. Williams, 99 Mo. 303; State ex rel. v. Newman, 91 Mo. 445; 19 Am. & Eng. Ency. of Law, 753; High on Extraordinary Le-

gal Remedies, sec. 32.] Where it appears as clearly as it does here that the writ is sought for the mere purpose of aiding the petitioner to violate the law, it should be denied.

The judgment is reversed. All concur.