STATE OF MISSOURI at the relation and to the use of HARVEY AVERILL, Appellant, v. FRANK BAIRD, Clerk of the County Court of Pemiscot County, S. E. JUDEN and G. G. BOWEN, Judges of the County Court of Pemiscot County, Respondents.*

In the Springfield Court of Appeals, October 14, 1924.

1. MANDAMUS: Permanent and Alternative Writs: Permanent Writ of Mandamus Must Follow Terms of Alternative Writ. If writ of mandamus is made permanent, it must follow the terms of the alternative writ and command the same thing to be done that the respondents are required by the alternative writ to do or show cause for not doing; no equities between the parties can be adjudged or relief granted that does not conform to the alternative writ.

2. ————: Mandamus Rests in the Discretion of the Court. The writ of mandamus does not go as a matter of right but rests in the sound discretion of the court.

3. ————: Adequate Remedy: Right Sought to be Enforced Must be Clear. In mandamus, unless the right sought to be enforced is clear and there is no other adequate remedy available to the relator, he must fail.

4. ————: Relator Held not Entitled to Permanent Writ under Facts. In mandamus, where only relief sought was to compel respondents to certify relator as nominee for office, evidence showing that respondents canvassed absentee vote instead of appointing canvassers as required by section 4754, Revised Statutes of 1919, which votes, if void for that reason, would give relator a majority, appellate court could not consider the legality of such votes, as in an election contest, and relief by mandamus must be denied, scope of mandamus being limited to the sole question whether the returns showed the nomination of relator.

5. ————: Relief by Mandamus not Granted Unless Facts Show Relator Clearly Entitled Thereto. In proceedings by mandamus to compel respondents to certify relator as nominee for office, relator,

State ex rel. v. Baird et al.

to obtain relief, must show that a complete canvass of the votes legally cast had been made and that as a result of that canvass his nomination was clearly shown.

*Headnotes 1. Mandamus, 38 C. J., Section 712; 2. Mandamus, 38 C. J., Section 16; 3. Mandamus, 38 C. J., Sections 31, 56; 4. Mandamus, 38 C. J., Section 680; 5. Mandamus, 38 C. J., Sections 321, 671.

Appeal from the Circuit Court of Pemiscot County.— *Hon. H. C. Riley,* Judge.

AFFIRMED.

*McKay & Peal,* of Caruthersville, for appellant.

(1) The finding and decision of the court was for the wrong party, and should have been for relator. Sec. 4844, R. S. 1919, provides how the returns of a primary election shall be canvassed, and hence we look to provisions of section 4881 of said statute, for authority of the manner in which the returns are to be ascertained in a primary election. Canvassing officer's duty is ministerial, and not judicial. State ex rel. v. Williams, 95 Mo. 159; Nash v. Craig, 134 Mo. 347; State ex inf. v. Moss, 187 Mo. App. 151. Canvassing board's duty being purely ministerial, they cannot pass on legality of votes. State ex rel. v. Harrison, 38 Mo. 540; State ex rel. v. Steers, 44 Mo. 223; State ex rel. v. Vail, 53 Mo. 97. The act of the canvassing board in this case is not an irregularity, but the act of a ministerial body undertaking to perform a judicial act, to-wit, the determination of the legality of votes, which can only be determined by judges and clerks of an election, or by a commission in the case of absentee votes. (See authority above cited.) The statute requiring the clerk to call to his assistance, two justices of the peace, or two judges of the county court, to assist him in canvassing the votes is mandatory.

State v. Macklin, 41 Mo. App. 99; White v. Brim, 48 Mo. App. 111. Sec. 4754, R. S. 1919, is mandatory. The requirements that the voter make and subscribe to the affidavit and that the ballots have the names of all the judges on the back thereof are mandatory. Straughn v. Meyers, 268 Mo. 187. A canvassing board may be compelled to count the returns as certified. State ex rel. v. Garesche, 65 Mo. 480; State ex inf. v. Moss, 187 Mo. App. 156. Mandamus will lie to require the county clerk to certify to the secretary of State the vote as it was certified to him by the judges and clerks of an election. State ex rel. v. Trigg, 42 Mo. 365; State ex inf. v. Moss, 187 Mo. App. 156. If relator stated a clear right in his petition, and such was stated in the alternative writ, then a peremptory writ should have issued. State ex rel. Kansas City Gas. Co., 254 Mo. 515; State ex rel. v. Bank, 174 Mo. App. 589.

*Von Mayes*, of Caruthersville, for respondents.

(1) Before issuing a writ of mandamus to a ministerial officer, the court must ascertain what is his specific legal duty in the premises. State ex rel. v. Garesche, 65 Mo. 480; State ex rel. v. Ringo, 42 Mo. App. 115. (2) The peremptory writ must strictly conform to the alternative writ. State ex rel. v. Bank, 174 Mo. App. 589; State ex rel. v. Wurdeman, 183 Mo. App. 44. (3) A writ of mandamus is not a writ of right, and will not be granted where it would work injustice. State ex rel. v. Bridge Co., 206 Mo. 136. (4) In the absence of fraud or mandatory statute a ballot legally cast by a voter will not be excluded from the count or account of the omission of an officer of the election. State v. Hackman, 202 S. W. 15; Goss v. Evans, 244 Mo. 353. (5) In the absence of fraud or unfairness sec. 4754, R. S. 1919, relating to ballots of absentee voters, is directory and not mandatory. Sanders v. Lacks, 142 Mo. 263, 264; 15 Cyc. 362-3.

Mandamus will not lie under the facts of this case. Boney v. Sims, 263 S. W. 414.

COX, P. J.—Proceeding by mandamus. At the hearing a peremptory writ was denied and the alternative writ quashed. Relator appealed.

Relator and S. P. (Sid) Oates were candidates at the primary election August 5, 1924, for nomination on the Democratic Ticket for the office of County Treasurer of Pemiscot county. The Respondent Baird, clerk of the county court called to his assistance Respondents Juden and Bowen, members of the county court of Pemiscot county, and they together canvassed the returns, from which it appeared that on the vote at the primary, omitting absentee votes, relator received 1333 and Mr. Oats received 1332 votes. It appears from the evidence that in the ballots of the absentee voters there were two cast for Oats and none for relator. The statute was not followed in counting the absentee votes. The four disinterested persons were not appointed as required by section 4754, Revised Statutes 1919, to open and count the absentee votes, but those votes were opened and counted by the clerk and two judges of the county court, who also canvassed the other votes. They counted two of the absentee votes for Mr. Oats thus giving him 1334 votes or one more than relator received, and certified Oats as the nominee. The purpose of this action is to require that relator be certified as the nominee.

The alternative writ commands the respondents to certify relator as the nominee or show cause for not doing so. The answer set up that there were two absentee votes cast for Oats and that by adding those votes to the total of Mr. Oats, he had one vote more than relator.

From the statement it will appear that if the two absentee votes were properly counted for Oats he was nominated. If these votes are discarded, relator was

nominated. There is evidence in the record which indicates that one of the absentee votes was illegal, and if that be true and one absentee vote be counted for Oats, then the result between him and relator would be a tie, but those votes are not for our consideration in the determination of this case.

Relator contends that since the provision of the statute for canvassing absentee votes was not followed, the respondent's action in adding the absentee votes to the total votes cast for Mr. Oats was without authority of law and therefore void, and hence relator should have been certified as the nominee.

It is well settled that in this proceeding the relator must stand or fall on the terms of the alternative writ. If the writ is made permanent, it must follow the alternative writ and command the same thing to be done that the respondents are required by the alternative writ to do or show cause for not doing. The equities between the parties cannot be adjudged and relief granted that does not conform to the alternative writ. [State ex rel. v. Bank of Conception, 174 Mo. App. 589, 163 S. W. 945; State ex rel. v. Q. O. & K. C. R. R. Co., 199 Mo. App. 668, 204 S. W. 584.]

The only relief sought by relator is to compel the respondents to certify his nomination. If that cannot be done, he must fail. In order to secure that relief he must make a clear showing that he is entitled to it, for the writ of mandamus does not go as a matter of right but rests in the sound discretion of the court and unless the right sought to be enforced is clear and there is no other adequate remedy available to the relator, he must fail. [State ex rel. v. Stone, 269 Mo. 334, 343, 190 S. W. 862.; State ex rel. v. Bridge Co., 206 Mo. 74, 136, 103 S. W. 1052; State ex rel. v. Fort, 180 Mo. 97, 109, 79 S. W. 167; State ex rel. v. Lesueur, 136 Mo. 452, 459, 38 S. W. 325; In re Ashcraft, 193 Mo. App. 486, 186 S. W. 532.]

It is apparent that relator could not show himself clearly entitled to be certified as the nominee without showing that a complete canvass of the votes legally cast had been made and that as a result of that canvass his nomination was clearly shown. This proceeding does not take the place of an election contest in which the legality of ballots and the qualifications of voters may be determined, but is limited to the sole question whether the returns show the nomination of relator. It is apparent to us, as it evidently was to the trial court, that the facts in this record do not show the nomination of relator. The law provides for absentee voters casting their votes. When these are legally cast the voters and the candidates have the right to have these votes counted as cast and until that is done, there is not a complete canvass of the returns made. The respondents in this case did not follow the law in attempting to count the absentee votes. They undertook to count these votes themselves while the law requires that four disinterested persons be appointed to open and count these votes and certify to the county court the result of the count. [Sec. 4754, R. S. 1919.] These four disinterested persons perform a duty similar to that of the judges of an election precinct. Their authority may not go so far as judges of an election precinct but their duties are somewhat similar. This cause cannot be converted into one to canvass the absentee votes. Had relator sought to compel the appointment of the canvassers of the absentee votes to the end that a legal ascertainment of the result of the absentee votes could have been reached, and those votes added to the result of the canvass of the returns as to the other voters, we should have no hesitancy in holding that the writ should be made permanent. The appointment of canvassers of the absentee votes was clearly a duty not performed and which could have been compelled in a mandamus proceeding for that purpose but it does not result that because the duty to appoint such canvassers was neglected, that relator thereby acquired

the right to compel the certification of the result with the absentee votes omitted.

Since a complete canvas of the votes has not been made, we see no reason why the county court of their own motion, without a judgment in mandamus, may not yet complete the canvass in the manner provided by law, and if a different result is reached, make a new certificate showing the true result. It was clearly the duty of the county court to proceed according to law with reference to the absentee votes. The mere fact that this duty was not performed within the time required by law does not make the duty any less obligatory. This is a duty that yet remains unperformed. [State ex rel. Rayburn v. Ringo, 42 Mo. App. 115; State v. Mackin, 51 Mo. App. 299, 303. The result reached by the trial court in the proceeding at bar is correct, and its judgment will be affirmed. *Farrington* and *Bradley, JJ.,* concur.