Southall v. Griffith.

and the judgment of the court below was, under the facts in this case, right and proper, and that judgment is affirmed.

CASE 16--PETITION ORDINARY—October 29.

Southall v. Griffith.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. ELECTIONS—OFFICIAL BALLOT—WHEN NAME OF ONE NOMINATED BY PETITION MAY BE PLACED UNDER PARTY DEVICE.—Under the provision of Section 1453, Kentucky Statutes, "that if any political party entitled to nominate by convention shall in any case fail to do so, the names of all nominees by petition for any office, who shall be designated in their petitions as members of and candidates of such party, shall be printed under the device and title of such party on the ballots, as if nominated by convention," to entitle the name of any candidate to be placed under a particular party device or ticket it must appear. that the party in question had failed to nominate by convention a candidate for that office, and that the person who seeks to have his name so placed on the ballot is in fact, and shown to be in the meaning of the statutes, a nominee by petition of that party.

2. NOMINATION BY PETITION—DUTY OF CLERK.—Where the petition does not ask that the name of the person nominated shall be placed elsewhere upon the ballot than under a party device, and is insufficient to authorize the clerk to put it there, the clerk should not be required to put his name on the ballot at all.

3. SAME.—It is provided by Section 1454 of the Kentucky Statutes that if any person shall join in nominating by petition more than one nominee for an office to be filled, such person shall not be counted as a petitioner for either nomination, and the allegation in appellee's answer that there were electors who signed appellant's petition in question who had also signed a petition for the name of another to be placed on the ballots as a candidate for the same office, and sufficient in number to reduce the whole number of names on appellant's petition below the number required by law, constituted a complete defense to the action.

LITTLE & LITTLE for appellant.

1. The rule laid down by the lower court that if the nominees by petition were not designated as members of and candidates of such party they are not entitled to have their names printed under the name and device of that party, is in derogation of the rights of the citizen, and can only exist, if at all, when clearly announced by the Legislature, which has not been done.

2. While the petition does not designate appellant as a member of the People's Party, it does say that he is the representative of that party, which in spirit and substance is equivalent to membership.

C. S. WALKER for appellee.

1. It does not appear from the petition filed by appellant that he was a member of or candidate of the People's Party, or that that party had not made a nomination for Congress in that district. This must all appear before his name can go under the party device on the ballots. Sec. 1453, Ky. Stats.

2. Upon being informed by appellee that he had no right to put his name on the ballots under the device of the People's Party appellant withdrew his petition and seeks by mandamus to compel the clerk to put his name on the ballots under that device and not elsewhere, so the court had no power, even if appellant was entitled to have his name on the ballots as an independent candidate, to grant him relief which he did not seek.

JUDGE LEWIS delivered the opinion of the court:

G. W. Southall brought this action for a writ of mandamus, requiring J. T. Griffith, clerk of the Daviess County Court, to cause printed on the ballots his name as a candidate for Congress in the Second district of this State, at the November election, 1896, under the device of the People's Party, being a plow and hammer, and under the name or title of that party ticket.

It is stated in his petition that he is a candidate, and has all the requisite qualifications for that office; and that more than 400 electors of said district, qualified to vote for such candidate, did in writing petition the

county court clerk of each county to so have printed his name on the ballots, which he, October 19, 1896, presented to defendant Griffith as such clerk; but that defendant refused to receive or to comply with it by causing plaintiff's name placed, in the manner mentioned, on the ballots.

The lower court adjudged plaintiff was not entitled to the specific relief asked, but was entitled to have his name placed on the ballots as a candidate for Congress under a suitable device to be selected by defendant as clerk.   From that judgment plaintiff has appealed, while defendant moves for cross appeal; and, as public interest demands and parties have agreed to submission of the case out of due order, we will now pass on the questions involved.

The manner of conducting elections is provided by article 3, chapter 48, Kentucky Statutes, but the conditions in which the name of a person offering as a candidate for an office may be placed on ballots are in detail prescribed in section 1453, which we will consider in connection with section 1460 that relates particularly to the form and requisites of ballots.

It is the purpose of those two sections to accomplish the two principal objects of enabling each elector to vote intelligently, and have a reasonable opportunity to vote during the single day allowed by the Constitution to hold an election; and in providing the plan by which both those objects can be accomplished the Legislature recognizes at the outset the existence of two well-known facts: First, that there are distinct politi-

cal parties, each of which is regularly organized; second, that electors in selecting candidates for offices for whom they will vote are generally controlled rather by party fealty than personal preference.

Upon that idea the Legislature has in detail provided in section 1453 the manner by which the names of candidates nominated by a convention or primary election of a particular party may procure their names printed on the ballots, though, assuming that persons may occasionally become candidates independent of a mere party nomination or in cases of failure of a particular party to make a nomination or selection by primary election, the Legislature has made provision for the names of such persons to be placed on ballots as candidates for the respective offices to which they may aspire. And the mode prescribed in such exceptional cases is by petition of qualified electors residing within the State, county or district where such independent candidate may be voted for and, elected; and in furtherance of those two objects the actual form of ballot to be used in all elections is prescribed by section 1460, which must contain at the top a device regularly adopted by each party.   Under that must be printed the party ticket, such as Democratic ticket, Republican ticket, or Populist ticket, as the case may be, and under that are placed names of all the candidates who are entitled, according to provision of the statutes, to be classified as candidates of the respective parties for the various offices to be filled at a particular election.

By section 1453 it is provided: "The county clerk of

each county shall cause to be printed on the respective ballots the names of the candidates nominated by the convention or primary election of any party that cast two per cent. of the total vote of the State at the last preceding general election, as certified to said clerk by the presiding officer and secretary of such convention; or, in case of primary election, by the chairman and secretary of any county or district committee; *and also the names of any candidates for any office when petitioned so to do by electors qualified to vote for such candidates;*" the number of petitioners required in such case as this being 400.

It is further provided "that, if two or more conventions be called by authorities claimed to be the rightful authorities of any party said clerk shall select some suitable devices to distinguish one faction from the other, and print the ballots accordingly: *Provided, however, that if any political party entitled to nominate by convention shall in any case fail to do so the names of all nominees by petition for any office, who shall be designated in their petitions as members of and candidates of such party, shall be printed under the device and title of such party on the ballots as if nominated by convention.*"

It is plain that under the first portion of that section quoted and italicized the county clerk is not required to place the name of a candidate, in whose behalf a mere petition is presented, under the device or on the ticket of either particular party; and to entitle the name of any candidate for office to be placed, in virtue of the second portion quoted and italicized, under a particular

party device or ticket, it is equally plain that the facts should exist and be made to appear, first, that the party in question had failed to nominate by convention a candidate for that office; second, that the person who seeks to have his name so placed on the ballots is in fact, and shown to be in meani      of the statute, a nominee by petition of that party.

It is not stated nor shown the People's Party had failed to nominate by convention a candidate for Congress in the Second district, to be voted for at the November election.    It does not appear, nor is any statement of facts made from which it can be reasonably inferred, that appellant is, in any sense, the nominee by petition of that party, for it is nowhere stated that any one of those who signed the petition, or for that matter even appellant himself, is a member of  the People's Party.    In fact, for anything to the contrary appearing, the petitioners, as well as appellant, may be members of another or other parties.

It is stated the petitioners desire his election, but that does not alone entitle him to have his name, as a candidate for Congress, placed under the device or on the ticket of that party.

There should, in such  case as this,  be a substantial compliance with the requirements of the statute, otherwise electors, who are not both intelligent and circumspect, would be deceived and defrauded of their right to vote for candidates of their choice.

In our opinion the court properly denied the specific relief asked by appellant, but erred in requiring ap-

pellee to place his name at all on the ballots as a candidate for Congress, because neither he in his pleading nor the electors in their petition ask that his name should be placed elsewhere on the ballots than under the device and on the ticket of the People's Party.

It seems to us the lower court also erred in sustaining a general demurrer to the answer, for section 1454 provides that if any person shall join in nominating by petition more than one nominee for an office to be filled, such person shall not be counted as a petitioner for either nomination; and, therefore, the statement in the answer that the electors, who signed the petition in question had also signed a petition for the name of John W. Lockett to be placed on the ballot as a candidate for the same office, and they were numerous enough to reduce the whole number below 400, constituted a complete defense to the action.

For the reasons indicated the judgment is affirmed on the original and reversed on cross appeal, and cause remanded for proceedings consistent with this opinion.