1. ELECTIONS—CERTIFICATE OF NOMINATION—DESIGNATION OF PARTY.
    Election Law (Laws 1896, p. 893, c. 909, § 57) prohibits a certificate of an independent nomination from including the name of any organized political party, and a certificate designating the independent party as "Independent Republican Party" is a violation of the law.

2. SAME.
    Where any person joins in a certificate of nomination who had joined in nominating another candidate for the same office, his signature must be disregarded.

In the matter of the certificate of nomination of Clarence W. Smith as a candidate for a member of the assembly. Designation of candidate as "Independant Republican Party" denied.

Clarence W. Smith, in pro. per., and for county clerk.
Dewitt C. Moore, for complainant.

SPENCER, J. (orally). The election law (Laws 1896, p. 893, c. 909) provides for two classes of nominations. One is designated as "party nominations." They are made by large masses of people organized as parties, holding caucuses and conventions. Party nominations are made by these conventions. Section 56 (page 922) of the election law provides how certificates of such nominations shall be made, signed, and filed. The law contemplates that there may be different parties using names that are similar, and provides that, in case certificates of nomination made by different parties shall contain the same, or substantially the same, names, the officer with whom the certificates are filed shall determine which shall have the right to the name. If the one which he adjudges is not entitled to the name

shall fail to provide another name, it is made the duty of that officer to supply the deficiency. It was such a controversy that came before the court in Matter of Greene, 9 App. Div. 223, 41 N. Y. Supp. 177, cited by both counsel upon the argument. I think there can be no mistake but that the decision in that case has sole reference to a party nomination under the provisions of section 56 of the election law. That section does not provide what the name of the party shall consist of, but prohibits two or more parties using substantially the same name. The court in that case simply determined that the two names used by two different parties were not the same or similar, within the intent and meaning of section 56 of the act. The question there is not like the one before the court here, as that arose under section 56. The question here arises under section 57 (page 925), where altogether different language is employed.

The election law (section 57) provides for what is denominated "independent nominations"; that is, it provides a way by which a voter who does not desire to vote the ticket of any one of the established and organized parties may vote independently. These are not party nominations. Independent voters dissatisfied with the existing parties may come together and nominate by certificate, and when they have attracted to their ticket a sufficient number of votes, as required by section 56, then they may nominate as a party by convention, and not before. But so long as they nominate under the provisions of section 57 they act as individuals, and section 57 provides how they shall select their candidates, and certify the nomination to the proper officials. It also provides with great particularity as to the form and the character of the certificate. There are two important prohibitions contained in this section which do not seem to have attracted a great deal of attention. One of them is the provision which says that the certificate "shall designate in not more than five words the political or other name which the signers shall select, which name shall not include the name of any organized political party;" clearly showing by the language employed that the Legislature did not regard the voters or citizens signing a certificate of this character as an organized political party. The object of this prohibition is clear. It is to prevent an independent nomination from going under the guise, or· name, or credit, of an organized political party. The language is explicit. There can be no doubt as to its meaning. It absolutely prohibits the certificate of an independent nomination including the name of any organized political party.

Now, testing this certificate by this absolute and explicit provision, what do we find? This certificate says: "We hereby select the words 'Independent Republican Party.'" How could· there be a more direct violation, not only of the letter, but of the spirit, of the statute? If words have any meaning, it must be held that the certificate violates the express mandate of the statute.

There is another prohibition in section 57, which I do not know as it is necessary for me to pass upon, although it has been referred to and is contained in the objections filed. That is, that persons who joined in this certificate have joined in other nominations. The statute reads: "No person shall join in nominating more candidates for

any one office than there are persons to be elected thereto." If this language means anything, it applies to all persons in making any nomination. I think the intent of this provision is plain that a man having once joined in nominating a candidate shall not thereafter join in nominating another for that same office at that election. This provision is aimed at the reprehensible practice of men of one party voting at and dominating the caucuses of another, or joining in an independent nomination. But we have nothing to do here with the policy of this law or with its results. It is simply a question of construction of words which the Legislature has adopted as the law of the land, and which the court must expound and enforce. Neither of these prohibitions give room for the court to depart from them. The objects of the prohibitions are plain; the language is explicit. It is susceptible of no two constructions, and to trifle with the language of the law would be, under the circumstances, a crime.

I do not think the question as to the validity of the certificate is before me. Whether the clerk has the authority to substitute a name for the one here included is for him to decide. I do not think the court is called upon to pass upon those questions. All that the court on this occasion decides is that the words "Independent Republican Party" in the certificate are unauthorized, and in violation of the express prohibition of the statute under which the certificate was made and filed; and, second, that if any person joined in the certificate who had joined in nominating another candidate, his signature to the certificate is of no avail, and must be disregarded. Let an order of the court be made in harmony with the decision just announced.

Ordered accordingly.