1. ELECTIONS—PARTY NAMES.
     Under Election Law, § 56 (Laws 1896, p. 922, c. 909), providing for party nominations, the name "Social Democratic Party," adopted in a certificate of nomination filed with the Secretary of State, is not an infringement on the right of the party bearing the name "Democratic Party."

2. SAME—RIGHTS OF CITIZENS—REVIEW BY COURT.
     Any citizen feeling aggrieved by the decision of the Secretary of State as to the name assumed by a political party in filing certificates of nomination may have such decision reviewed by the court, though he did not appear before the Secretary of State.

In the matter of the objections of John S. McEwan and others to the certificate of nomination of the Social Democratic Party of candidates for the general election.   Motion of objector denied.

F. E. Bowen, for James O'Neil.
Morris Hillquit, for Social Democratic Party.
John A. Stephens and Neile F. Towner, for John S. McEwan.

HOWARD, J.   From the affidavits and papers presented to me in this matter it appears that in 1900 certain citizens of the state of New York filed an independent certificate of nomination with the Secretary of State placing in nomination presidential electors and a candidate for governor.   They adopted the name "Social Democratic Party." The following year they resolved themselves into a political organization, held conventions, and nominated candidates for local offices.   In 1902 and 1903 they placed in nomination candidates for state offices. The certificates of nomination were filed in accordance with the provisions of section 56 of the election law, which provides for "Party Nominations," as distinguished from "Independent Nominations." No objection was made in either of these years to the use of the name "Social Democratic Party."   On the 5th day of October of the present year the Social Democratic Party again held a regular convention of an organized political party in the state of New York, and filed a "party certificate of nomination" in the office of the Secretary of State.   This certificate placed in nomination candidates for presidential electors, a candidate for governor, and for other state offices.   John S. McEwan, describing himself as a citizen, filed objections to this certificate as follows:

"First. That there is no organized political party in the state of New York legally and lawfully entitled to the party name 'Social Democratic Party.'

"Second. That the Democratic Party, a regularly organized political party, which has been known by and under said party name for over seventy-five years, has duly filed its certificates of nomination for presidential electors and for governor and other state officers, to be voted for at the election to be held on November 8, 1904, in your office on September 29, 1904, and that the party name of the Social Democratic Party, so called, is calculated to and will actually deceive Democratic and independent voters, and cause many of them to believe that in voting for the said candidates of the Social Democratic Party, so called, that they are voting for the regular candidates of the Democratic Party.

"Third. That the said original certificates of nomination so filed in your office by the said Social Democratic Party, so called, are in violation of section 56 of the election law of 1896, as amended, in that the party name designated is substantially the same as the party name of the Democratic Party, and that the use of the word 'Democratic' as a part of the party name in said certificates is unlawful, illegal, and contrary to and against the letter, spirit, and intent of said section 56 of the election law of 1896, as amended.

"Fourth. That the said original certificates of nomination so filed in your office by the said Social Democratic Party, so called, are in violation of section 57 of the election law of 1896, as amended, in that the party name designated is substantially the same as the party name of the Democratic Party, and also includes the party name of said Democratic Party, and that the use of the word 'Democratic' as a part of the party name in said certificates is unlawful, illegal, and contrary to and against the letter, spirit, and intent of said section 57 of the election law of 1896, as amended.

"Fifth. That the acts to the signers to the original certificates of independent nomination of candidates for presidential electors and for governor and other state officers to be voted for at the election held November 6, 1900, of the Social Democratic Party, so called, in selecting the name 'Social Democratic Party' as a party name, were in violation of section 57 of the election law of 1896, as amended, in that the name designated included the party name of the Democratic Party, and that the use of the word 'Democratic,' as a part of the party name in said certificates, was unlawful and illegal and contrary to and against the letter, spirit, and intent of section 57 of the election law of 1896, as amended, and that said Social Democratic Party, so called, never lawfully and legally obtained the right to the use of such party name, and that such name as a party name is illegal and void."

These objections being filed in the office of the Secretary of State, it became the duty of that officer in the first instance to pass upon them, and to determine as to the validity of the certificate in question. After hearing the parties interested in the matter, he did, on the 18th day of October, render his decision as follows:

"I therefore decide and determine that the certificate filed by the Social Democratic Party, and to which the foregoing objections are made, is in all respects a valid party certificate of nomination within the provisions of chapter 909 of the Laws of 1896, as amended, and that the name 'Social Democratic Party,' so used, is not the same or substantially the same as the name 'Democratic Party,' and infringes no right of the Democratic Party, and is not in violation of the statute; that the said nominations were made and certificate filed by an organized and existing political party; that the candidates placed in nomination as certified to by said certificates are entitled to have their names placed on the official ballot to be voted at the ensuing election under the emblem described in said certificate, and under the party name 'Social Democratic Party' therein designated."

On the following day, October 19th, James O'Neil, describing himself to be a citizen, and John S. McEwan, who filed the objections with the Secretary of State, each appeared before a justice of the Supreme Court in this judicial district, and obtained an order to show cause, as provided by section 56, for the purpose of reviewing the determination of the Secretary of State. So far as the record and affidavits show, each of these persons was ignorant of the fact that the other was applying for a similar order. One of the justices so applied to made the order returnable before himself at his chambers on the 22d day of October; the other made the order returnable before me at the courthouse in the city of Hudson on the 20th day of October. Upon the return of the order herein the attorneys for McEwan appeared specially, and objected to the jurisdiction of the court on the grounds that

O'Neil, the petitioner herein, was not the objecting party before the Secretary of State, and had no interest in the controversy; therefore had no standing in court; and asked me to vacate the order to show cause made returnable before me. They also maintained that a hearing on the O'Neil petition would prejudice their rights and prevent McEwan, the real litigant, from being heard. At this point the attorney for O'Neil and the one representing the Social Democratic Party stipulated in open court that both proceedings be consolidated and argued at that time. McEwan's attorneys declined to do this.

Section 56 of the election law provides as follows:

"The Supreme Court or any justice thereof, within the judicial district, or any county judge within his county, shall have summary jurisdiction upon complaint of any citizen, to review the determination and acts of such officer."

It seems very clear from this clause that any citizen feeling aggrieved by the decision of the Secretary of State may apply to the court to have his determination reviewed. It would seem unjust to all the other citizens of the state of New York if they were deprived from appealing from the decision of the Secretary of State in case they felt aggrieved thereby and in case the party whose name was signed to the objections refused to appeal. Objections filed in this way usually represent a great many people. One person is selected to make the objections, but if for any reason he neglects or refuses to appeal from a decision adverse to the views of those whom he represents, there is no reason that I can see why the other persons interested in the same enterprise should be barred from having their day in court. This matter, however, has been determined by the Appellate Division in the First Department (Fernbacher v. Roosevelt, 90 Hun, 451, 35 N. Y. Supp. 898), where President Justice Van Brunt uses the following language:

"Then by the provisions of section 56 it is provided that 'the Supreme Court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer.' Now, it is further objected that the respondent here has not shown any interest in this suit, and that courts are not trying moot questions. He is a citizen; consequently, presumably, a voter. He has an interest, if it were necessary, in having the law carried out in respect to the manner in which the election should be conducted. But that is not necessary. The statute has provided that upon the complaint of any citizen the court shall redress any wrong which may have been committed, whether as against himself or anybody else. This might be said to be analogous to the right conferred upon a taxpayer under certain circumstances. A taxpayer's interest is infinitesimal. If he is aggrieved by some particular action of the corporation or its officers, it is to so small an extent that the court would not take notice of it as an individual grievance, and never did until the taxpayer was given by authority of law the right to intervene. So here the citizen is given the right to intervene, and the court is bound to entertain his complaint if any be made to it."

Therefore I hold that the preliminary objections made by the attorneys for McEwan are not well taken, and overrule them.

The principal objection, as will be observed, to the certificate filed by the Social Democratic Party, is the one that they are infringing upon the name "Democratic Party" to such an extent that voters may be misled thereby, and in violation of the provisions of the election law. It must be borne in mind that this certificate to which objection is now

made is a "party certificate," and is therefore governed by the provisions of section 56. It is provided in that section that the name of two or more different political parties shall not be substantially the same, and the question to be here determined is whether the name "Social Democratic Party" is substantially the same as "Democratic Party." This question was passed upon in the presidential election of 1896, when the so-called "Gold Democrats" attempted to file a certificate in this state styling themselves "National Democratic Party." This case (Matter of Greene) is reported in 9 App. Div. 223, 41 N. Y. Supp. 177, and was affirmed in 150 N. Y. 566, 44 N. E. 1124, and it was there held that the name did not infringe upon the rights of the Democratic Party. In the Appellate Division Justice Hatch wrote the prevailing opinion, and nothing need be added to his reasoning, it being exactly applicable to the facts in the record before me, except to observe that the name "National Democratic Party" had never before appeared upon the official ballot, whereas in this case the name "Social Democratic Party" has, during the last four years preceding this, been placed without objection on the official ballot. Under this name it has grown from a party of 13,493 voters to one of 33,399 voters, and under the statute and the decisions has acquired a clear right to its use. Justice Cullen dissented from the opinion of Justice Hatch, but only to the word "National," and in his dissenting opinion uses the following language:

"I dissent from so much of the opinion of Mr. Justice Hatch as holds that the name 'National Democratic Party' is not substantially the same as 'Democratic Party.' I do not say that there is an exclusive or prescriptive right to the names 'Democratic' or 'Republican' to such an extent that a third party might not properly, under the statute, adopt the name of 'Independent Republican' or 'Reform Democratic,' because the very words 'Reform' or 'Independent' would indicate to every mind familiar with American politics that the ticket was not that nominated by the regular organization. But the term 'National Democratic Party' or 'National Republican Party' would convey no such signification."

It is evident from the dissenting opinion that, had the facts in this case been presented to the Appellate Division, it would have been unanimous in holding the name "Social Democratic Party" not to be an infringement upon the rights of the Democratic Party. I therefore conclude that the motion should be denied, and that the determination of the Secretary of State should in all things be sustained.

Matter of Smith, 41 Misc. Rep. 501, 85 N. Y. Supp. 14, and Matter of Carr, 94 App. Div. 493, 88 N. Y. Supp. 107, have been cited in support of the motion, but they relate to "Independent Nominations," under section 57, and do not apply to the facts herein.

Motion denied.