(108 App. Div. 269.)

### In re HORAN.

(Supreme Court, Appellate Division, First Department. November 2, 1905.)

ELECTIONS—NOMINATIONS BY ELECTORS—QUALIFICATIONS OF ELECTORS—REGISTRATION.

　　Under the election law, prescribing the qualifications of the persons who may sign a certificate of nomination and requiring the subscribers to swear that they intend to support at the polls the candidate sought to be nominated, nonregistered electors may sign a certificate of nomination before, but not after, the expiration of the time for registration.

Appeal from Special Term.

Proceedings for the review of the determination of the board of elections sustaining objections to and rejecting the certificate of nomination of James Horan to a public office. From an order reversing the determination of the board, it appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGH-LIN, LAUGHLIN, and CLARKE, JJ.

Chas. H. Knox, for appellant.

A. S. Gilbert, for respondent.

PER CURIAM. The nominating certificate has 545 names signed thereto. Objections were filed thereto, and hearing had, and the board of elections sustained the objections and rejected the certificate. Upon appeal to Special Term, that determination was reversed.

On the facts presented to the board of elections, which can alone be considered by this court on review of the determination of the board (Matter of Fairchild, 151 N. Y., at page 368, 45 N. E., at page 946), it appears that amongst those signatures were those of men who were not duly registered electors at the time when the certificate was signed and sworn to by them, and that the time for registration had completely expired. On the question whether subscribers who had not registered were duly qualified electors, as required by the election law, we have reached the conclusion that, if the electors subscribed before the time for registration had expired, they had the necessary qualifications to join in an independent nomination. Where, however, the time for registration had expired, and the persons, by having failed to register, not being in position to support the candidate at the polls, they were not qualified to sign the nominating certificate. This view follows from the construction which must be given to the provisions of the election law as to what constitutes the qualifications of the persons who can sign the nominating certificate. As will be noticed by reference to the election law, it is necessary for the subscriber to swear that he intends in good faith to support the candidate whom he seeks to nominate at the polls. This he cannot do if he has permitted the time for registration to pass.

By deducting from the certificate the names of those not entitled to be counted, there were not sufficient to make a valid nomination, and the board of elections was therefore right in its determination, and the order of the Special Term must be reversed, and the determination of the board confirmed.