## In re OFFICIAL BALLOT FOR THE GENERAL ELECTION OF NOVEMBER, 1906.[3]

### October 12, 1906.

### No. 15,063.

**Election—Certificate of Nomination.**

Where it appears that the electors' certificate of nomination for the office of governor, filed with the secretary of state, was signed by less than two thousand qualified voters of the state, it was legally insufficient to entitle his name to be placed on the official ballots for any purpose.

On the petition of Frank A. Day an order was issued from the supreme court requiring the respondents, Peter E. Hanson, as secretary of state, and John W. Johnson, to show cause why the prayer of the petition should not be granted and the secretary of state required to strike the name of John W. Johnson from the official ballot. Application granted.

*How, Butler & Mitchell,* for petitioner.

[1] Reported in 109 N. W. 1132.      [3] Reported in 109 N. W. 1.
[2] October, 1906, term.

PER CURIAM.

This matter came on for hearing on an order requiring the respondents to show cause why the name of John W. Johnson, which has been placed upon the sample official ballot for the next general election as the candidate for governor of the Socialist-Labor Party, should not be stricken from such sample ballot, and that his name be wholly omitted from the official ballot. Upon the admissions and proofs of the parties the court finds that the electors' certificate of nomination of John W. Johnson, which was filed in the office of the secretary of state and made the basis for placing his name on the sample ballot as such candidate, was signed by less than two thousand qualified voters of the state, and that it was therefore legally insufficient to entitle his name to be placed on the official ballots for any purpose. It is therefore ordered that the name of John W. Johnson be stricken from the sample ballot, and that the respondent Peter E. Hanson, as secretary of state, refrain from placing the name of John W. Johnson on any of such official ballots.

Let a copy of this order be delivered to such secretary without unnecessary delay.