142 Nev., Advance Opinion 41

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS POLICE PROTECTIVE
ASSOCIATION, A NEVADA
NONPROFIT CORPORATION,
Appellant,
vs.
CITY OF LAS VEGAS, A LOCAL
GOVERNMENT EMPLOYER,
Respondent.

No. 89985

FILED

JUN 03 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion for summary judgment in a dispute over the interpretation of arbitration and longevity pay provisions of a collective bargaining agreement. Eighth Judicial District Court, Clark County; Ronald J. Israel.

*Reversed and remanded.*

Sgro & Roger and Anthony P. Sgro and Alanna Bondy, Las Vegas, for Appellant.

Jeffry M. Dorocak, City Attorney, and Nechole Garcia, Chief Deputy City Attorney, Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, STIGLICH, CADISH, and LEE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Nevada law generally recognizes a division of labor between courts and arbitrators in adjudicating arbitration agreements. Absent

26-24972

contractual provisions providing otherwise, district courts determine whether a particular dispute is arbitrable; that is, whether it falls within the scope of the arbitration provision. Beyond that threshold question, the arbitrator evaluates whether procedural prerequisites have been satisfied, chooses the format of arbitration proceedings, and adjudicates the underlying issue. In this case, the district court determined that the City of Las Vegas, one of two parties to a collective bargaining agreement (CBA) containing an arbitration provision, was entitled to dictate the arbitration format and unilaterally determine whether a procedural prerequisite to arbitration had been satisfied. As the CBA did not contain a provision assigning the format and procedural prerequisite determinations, these matters were reserved by default for the arbitrator. Accordingly, we conclude the district court erred in finding the City was permitted to unilaterally settle these matters. Moreover, because the arbitrability of the dispute is not in question, we conclude the district court erred in ruling on the merits of the longevity pay issue. For these reasons, we reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Between 2006 and 2025, appellant Las Vegas Police Protective Association (LVPPA) executed various CBAs with respondent, the City of Las Vegas, on behalf of municipal court and deputy city marshals. Relevantly, each CBA provided for longevity pay—additional compensation based on the number of years employed by the City. The longevity pay formula accounted for annual increases to base salaries.

In 2019, several marshals alleged that the City was miscalculating longevity pay. The CBA in effect at that time provided for a four-step grievance procedure to address disputes out of court arising from

the "application or interpretation" of CBA terms. The first step was to "file a grievance with Human Resources within 30 calendar days of the knowledge of the grievance." Second, the grievant would meet with the Department Director. If the issue remained unresolved, the third step was for the Department Director to respond in writing. At that point, if the grievant wished to further pursue the matter, the fourth and final step was to request arbitration. Pursuant to these provisions, the marshals submitted a joint grievance alleging that the City had underpaid longevity pay since 2013. The matter apparently proceeded to the arbitration stage, but the City asserted that the grievance was untimely and insisted on a bifurcated arbitration format by which the timeliness of the grievance would be determined before addressing the merits of the longevity pay issue. After the arbitration was scheduled, other LVPPA members filed additional grievances alleging the same issue, which the City rejected as untimely.

Before any arbitration occurred, LVPPA filed two complaints for declaratory relief with the district court. The first complaint echoed the LVPPA members' filed grievances, asking the court to declare that the City was underpaying longevity pay and to direct the City to pay LVPPA members "longevity pay consistent with the terms of the current [CBA]" and backpay totaling more than $350,000 to correct previous miscalculated longevity pay. The second complaint alleged a distinct breach of the CBA by the City for insisting on a bifurcated two-stage arbitration for the initial grievance and rejecting the subsequent grievances. In that second complaint, LVPPA requested the district court to order the City to comply with the CBA's arbitration provision, arguing that the timeliness of

grievances is itself a "grievable issue" to be ultimately determined by an arbitrator.

Thereafter, the parties agreed to consolidate the actions and the City then moved for summary judgment. The district court granted the City's motion, agreeing with its interpretation of the longevity pay and grievance provisions. LVPPA appeals.

## DISCUSSION

"We review a district court order granting summary judgment de novo, viewing all evidence in a light most favorable to the nonmoving party." *Boesiger v. Desert Appraisals, LLC*, 135 Nev. 192, 194, 444 P.3d 436, 439 (2019). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." NRCP 56(a).

*The district court erred in finding that the City was permitted to unilaterally reject grievances as untimely and insist on a two-stage arbitration format*

The parties agree that the CBA in effect at the time the grievances were filed provides the "comprehensive and exclusive procedure" for resolving grievances, which ends with arbitration. LVPPA argues that the CBA does not permit the City to seize the arbitrator's role and impose a bifurcated arbitration process or unilaterally reject grievances as untimely. The City argues that the grievances were "ineligible to proceed to arbitration" because the CBA required grievances to be filed within 30 days of discovering the basis for the grievance and those at issue were filed six years after the first alleged underpayment. The City maintains that, although it agreed to arbitrate the initial grievance under a bifurcated procedure, it is not required to arbitrate that or the subsequent grievances.

As noted, the CBA provides that the initial step in the dispute resolution process is to "file a grievance with Human Resources within 30

calendar days of the knowledge of the grievance." Under these terms, the district court found the grievances were untimely because the alleged underpayment was, or should have been, discovered in 2016 and the grievances were not filed until three years later, well after the 30-day CBA filing deadline. Consequently, the court found the City had no obligation to process or arbitrate the grievances and was entitled to insist on a bifurcated proceeding on the initial grievance and refuse to arbitrate the subsequent grievances. We discern two problems with the district court's ruling. First, the CBA does not authorize the City to unilaterally deem the grievances untimely and thereby inarbitrable. Second, the City was not entitled to insist on a two-stage bifurcated arbitration process. We address each of these issues in turn.

*The City was not entitled to unilaterally declare the grievances untimely*

LVPPA argues that "whether the grievances were timely is disputed, and that dispute itself" is "inherently a grievable issue that must be resolved through the contractual process, not by unilateral City fiat." We agree that the question of timeliness should be submitted to the arbitrator.

If contracting parties do not designate an entity to decide threshold questions of arbitration, Nevada law tasks courts with determining the arbitrability of a dispute. NRS 38.219(2); *Clark Cnty. Pub. Emps. Ass'n v. Pearson*, 106 Nev. 587, 590, 798 P.2d 136, 137 (1990). This determination involves resolving whether there is an enforceable arbitration agreement, then identifying the subject matter of the controversy and evaluating whether it falls within the scope of the arbitration agreement. *SR Constr., Inc. v. Peek Bros. Constr., Inc.*, 138 Nev. 414, 417, 510 P.3d 794, 798 (2022). In contrast, *procedural* gateway matters" are reserved for the arbitrator. *Principal Invs., Inc. v. Harrison,*

132 Nev. 9, 16, 366 P.3d 688, 693-94 (2016). *See also* NRS 38.219(3) (providing that "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled"). Such procedural questions "include the satisfaction of prerequisites [to arbitration] such as time limits." *Principal Invs.*, 132 Nev. at 16, 366 P.3d at 693-94 (citation modified). We have previously identified the timeliness of a demand for arbitration as a procedural prerequisite and thus a matter to be submitted to an arbitrator. *Exber, Inc. v. Sletten Constr. Co.*, 92 Nev. 721, 730-31, 558 P.2d 517, 523 (1976).

Here, the CBA does not designate who determines whether a grievance is timely when that issue is contested. We thus consider whether the timeliness of the grievance is a matter of arbitrability or a procedural prerequisite. We conclude that it is the latter. By nature, time limits are generally procedural requirements. *See Principal Invs.*, 132 Nev. at 16, 366 P.3d at 693. So it is here. Under the CBA's terms, filing a grievance initiates the dispute resolution process and culminates in arbitration when the preceding steps fail to resolve the dispute. If a grievance is not filed within 30 days after discovery, further arbitration on the merits of the grievance would be procedurally precluded. In this way, the timely filing of a grievance is a procedural condition precedent to arbitration that is a question for the arbitrator. The district court erred in concluding that the City may, by itself, deem grievances untimely.

*The City was not entitled to unilaterally institute the format of the arbitration proceedings*

Once the district court determines that there is a binding arbitration clause and that the dispute falls within its scope, its role in adjudicating that dispute generally concludes. From that point, the arbitrator not only addresses whether conditions precedent have been

Supreme Court
OF
Nevada

6

fulfilled but also has broad discretion to direct the arbitration format and process. *See* NRS 38.231(1) ("An arbitrator may conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding."); *Wichinsky v. Mosa*, 109 Nev. 84, 89, 847 P.2d 727, 731 (1993) ("An arbitrator enjoys broad discretion in determining issues under an arbitration agreement."). Thus, arbitrators have discretion to decide whether the arbitration will proceed in one or two stages, and whether the arbitrator will first address threshold issues before delving into the merits or address them simultaneously.

The City indicated that it would participate in arbitration only if the timeliness of the grievance were addressed in a primary stage before commencing a secondary stage determining the merits of the longevity pay issue. The district court determined that the CBA does not prevent the City from making this demand. But that is not the relevant inquiry. The default absent a contractual provision otherwise is that the arbitrator controls the arbitration process, not that the parties are free to pick and choose their desired format. Here, the CBA does not indicate that arbitration proceeds in two stages by which the timeliness of a grievance is decided before reaching the merits. In fact, the CBA does not contain any term pertaining to the format of the proceedings. Absent such a provision, the matter falls to the arbitrator's discretion. The City was not entitled to demand a particular format, and the district court erred in concluding otherwise.

*The district court erred in considering the merits of the longevity pay dispute*

Once a party shows that a valid arbitration agreement exists and that the controversy is included within the scope of the provision, the controversy should be submitted to arbitration, and the judicial proceedings should be stayed. *See* NRS 38.221(1), (7). Where, as here, a party simultaneously requests that the court declare an issue arising under a

Supreme Court
OF
Nevada

7

contract subject to arbitration and requests declaratory relief on the merits of the issue, the court should first determine whether the issue is arbitrable. If the district court concludes it is arbitrable, the issue should proceed to arbitration and the court should refrain from issuing declaratory relief on the merits.

Here, LVPPA's consolidated complaints for declaratory relief included two requests: (1) that the court order the City to comply with the CBA's arbitration provision by submitting to arbitration on all the filed grievances and (2) that the court declare that the City was miscalculating longevity pay. The district court acknowledged that the longevity pay issue was subject to arbitration because it found, albeit improperly, that the City was entitled to demand a two-stage format. Nevertheless, the district court proceeded to adjudicate the longevity pay issue and entered summary judgment for the City. The parties do not dispute that an allegation of miscalculated longevity pay is subject to arbitration. The CBA indicates as much for disputes concerning the "application or interpretation" of the CBA, including the longevity pay provision. Because this dispute is arbitrable, we conclude that the district court erred in going further and ruling on the merits of the issue.

## CONCLUSION

The dispute in this case should have been resolved via arbitration. The City was not entitled to unilaterally deem the grievances untimely and therefore ineligible for arbitration. As a procedural prerequisite, that issue should have been submitted to the arbitrator. Similarly, given the absence of an edict in the CBA specifying otherwise, the format of the arbitration rests within the arbitrator's domain of discretion. Neither the court nor the parties were authorized to insist upon a particular process. The district court erred in affording the City unbridled

authority in controlling the arbitration proceedings. Furthermore, because the dispute regarding longevity pay is arbitrable, the district court should not have reached the merits of that issue. In light of these errors, we reverse the district court's order granting summary judgment for the City and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Cadish

_____, J.
Lee